MSA:DAL

**13 M 0237**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TEVON GUESS,

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 18, U.S.C., §§
1951(a),
924(c)(1)(a)(i), and
924(c)(1)(a)(ii))

EASTERN DISTRICT OF NEW YORK, SS:

    DANIEL McCAFFREY, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about September 18, 2012, within the Eastern District of New York, the defendant TEVON GUESS, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery.

    (Title 18, United States Code, Section 1951(a)).

    Upon information and belief, on or about September 18, 2012, within the Eastern District of New York, the defendant TEVON GUESS, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, and did knowingly and intentionally possess

2

said firearm in furtherance of the crimes of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for approximately 17 years. I am currently assigned to an FBI squad that investigates violent crime, including, among other things, gun trafficking, robbery and homicide. During my tenure with the FBI, I have participated in investigations that have employed, among other investigative techniques, physical surveillance, execution of search warrants, consensual recordings of individuals associated with criminal activity and debriefing of confidential sources and cooperating witnesses.

2. I have participated in the investigation of the offenses described herein. As part of the investigation, among other things, I have conducted interviews of witnesses, reviewed reports of debriefings of witnesses by other law enforcement personnel, and reviewed reports by other investigative agencies. The statements contained in this affidavit are based in part on

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

information provided by Special Agents of the FBI, as well as other law enforcement personnel, and on my experience and background as a Special Agent. All statements are provided in sum and substance and in part.

The Arrest Of Individuals #1 and #2

3. On the morning of September 18, 2012, members of the New York City Police Department ("NYPD") arrested Individual #1, Individual #2 and another man on the street at the rear of a building in the Glenwood Houses, a development in Brooklyn, New York. At the time of arrest, Individual #1 was in possession of a Springfield Armory .40 caliber pistol and Individual #2 was in possession of a Beretta 9 millimeter pistol. Individual #1 was wearing a ballistic body vest. Following a subsequent search of Individual #1's car, police officers also recovered a Marlin Firearms .22 caliber rifle. Individuals #1 and #2 were charged with criminal possession of a weapon.

4. I have interviewed witnesses and reviewed firearms sales records indicating that the firearms found on Individuals #1 and #2 had been previously purchased in Virginia. The rifle found in Individual #1's car had been purchased in North Carolina.

The September 18 Robbery

5. Later in the morning on the date Individuals #1 and #2 were arrested, at approximately 11:30 a.m., the defendant

4

TEVON GUESS and several other men, brandishing firearms, forcibly entered an apartment in the Glenwood Houses ("the Apartment"), where Victims #1, #2 and #3 were present. The men demanded to know the location of firearms they believed to be stored in the Apartment, ransacked the Apartment, held the three victims at gunpoint, stole jewelry, cash, a cell phone and other items, and then left.

6. Law enforcement subsequently interviewed Victims #1 and #2. Victim #1 advised that she was Individual #2's girlfriend and that the Apartment was Individual #1's residence. Two days earlier, Victim #1 had traveled from North Carolina to Virginia, where she met up with Individuals #1 and #2. The three then traveled to New York.

7. During the morning of September 18, Victim #1 was alone in the apartment. Someone began banging at the door and turned the door knob in an attempt to gain entry. Victim #1 looked out the window and saw in the building courtyard a man named "Anthony" whom she had met soon after arriving in New York. Frightened, she called out to Anthony and asked him to come up. Soon thereafter, Anthony came up to the Apartment with another man and took Victim #1 with him into a neighboring apartment. Prior to leaving the Apartment, Victim #1 observed Anthony take a firearm from a dresser in the Apartment.

8. After staying in the neighboring apartment for a brief period, Victim #1 and Anthony walked back into the hallway. Victim #1 called Victim #2, who was Individual #1's girlfriend, and asked her to meet her at the Apartment. While Victim #1 and Anthony were waiting for the elevator, two men brandishing firearms approached and told them to return to the Apartment. They complied.

9. Other men carrying firearms entered the Apartment as well. The men forced Victim #1 to sit in a chair as they ransacked the Apartment. They asked Victim #1 where the guns were stored in the apartment. The men also took jewelry from a dresser drawer and Victim #1's earrings and cell phone.

10. Anthony directed the men to parts of the Apartment as they searched. He also told Victim #1 to be quiet or they would kill her.

11. During the robbery, Victims #2 and and #3 entered the Apartment. The men forced all three victims into the living room. Victim #1 further stated that during the robbery the men spread gasoline around the Apartment and threatened to light the Apartment on fire.

12. After the men had finished searching, one of the men and Anthony walked with Victims #2 and #3 out of the Apartment. Two other men took Victim #1 across the roof of the building and told her to exit through the adjacent building. In

6

the course of the robbery, the men told Victim #1 that Individuals #1 and #2 had been arrested earlier that day. They asked her if she knew where Individual #1's car was parked.

13.    After interviewing Victim #1, law enforcement showed her a photo array, which included a photograph of the defendant TEVON GUESS and five other individuals. After viewing the photo array, Victim #1 pointed to the photograph of the defendant and identified him as the "leader" of the men who had robbed her. Victim #1 further indicated that the defendant had pointed a gun at her.

14.    Victim #2 was also interviewed. Her account of the robbery was consistent with that of Victim #1. Victim #2 was shown a photo array that included a photograph of the defendant TEVON GUESS and five other individuals. Victim #2 identified the photograph of the defendant as depicting one of the men who brandished a gun and robbed the Apartment.

15.    Law enforcement subsequently recovered a red plastic gasoline can from the Apartment.

16.    I have reviewed an NYPD complaint report indicating that three months earlier, on June 22, 2012, the Apartment had been burglarized and that $25,000 in U.S. currency, among other items, had been reported stolen.

7

## State Indictment And Arrest Of The Defendant

17. On September 28, 2012, a New York State grand jury sitting in Kings County returned an indictment charging the defendant TEVON GUESS with robbery in the first degree pursuant to New York Penal Law 160.15(3), among other offenses, and a warrant was issued for his arrest.[2/] On October 17, 2012, NYPD officers arrested the defendant pursuant to that warrant. The defendant was apprehended inside an apartment in Brooklyn. At the time he was arrested, the defendant was seated on a couch. Subsequent to the arrest, law enforcement discovered hidden in the couch a Taurus .45 caliber pistol. Firearms licensing records reflect that the last known owner of the pistol resided in Virginia.

18. Following his arrest, the defendant TEVON GUESS was advised of, and agreed to waive, his Miranda rights. The defendant stated in sum and in part that he had been present during the robbery of the Apartment and claimed that he had been tasked with waiting on the roof of the building to watch for police. The defendant stated that he knew Individual #1 from growing up in the Glenwood Houses and that the Apartment had been targeted because Individual #1 was known to have firearms there.

---

[2/] The indictment was subsequently dismissed without prejudice in Kings County Supreme Court. In the grand jury, the prosecutor failed to elicit from Victim #1 or #2 that they had selected the defendant TEVON GUESS from a photo array as one of the participants in the robbery.

The defendant further stated that, following the September 18 robbery, one of the other participants had given him a 9 millimeter handgun stolen from the Apartment, which the defendant had subsequently sold.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant TEVON GUESS so that he may be dealt with according to law.

DANIEL McCAFFREY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18th day of March, 2013

S/mann

HON. RC                          DGE
UNITED
EASTERN                          K